UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP, CALYSTA, et al., | No. 2:17-cv-0255 KJM DB PS |
| Plaintiffs, | |
| v. | ORDER AND |
| POWERS, TERESA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Calysta Sharp is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On May 3, 2017, the undersigned issued an order dismissing plaintiff's complaint and granting plaintiff twenty-eight days to file an amended complaint. (ECF No. 3.) On October 2, 2017, the undersigned issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to file an amended complaint. (ECF No. 9.)

However, on October 3, 2017, plaintiff filed an amended complaint. (ECF No. 11.) The October 2, 2017 findings and recommendations are, therefore, vacated. Now pending before the court are plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and amended complaint. (ECF Nos. 2 & 11.) Therein, plaintiff complains about "all category of human suffering." (Am. Compl. (ECF No. 11) at 4.)

////

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied and that plaintiff's amended complaint be dismissed without leave to amend.

## I.  Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

////

| | |
|---|---|
| 1 | To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). |

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.     Plaintiff's Complaint**

Plaintiff's amended complaint fails to satisfy any of the requirements of Rule 8 of the Federal Rules of Civil Procedure, quoted above. In this regard, the amended complaint alleges that this court has both federal question and diversity jurisdiction over this action despite the fact that plaintiff and defendant are citizens of California, and that the amount in controversy exceeds $75,000 because of "excessive personal injury, dehumanized/toxicated rape; (RICO); all category of human suffering . . . . $600,000." (Am. Compl. (ECF No. 11) at 4.) Moreover, the amended complaint's statement of a claim is "ORDER TO SHOW CAUSE IS ATTACHED. PLEASE SEE AMENDED ORDER TO SHOW CAUSE." (Id.) In this regard, the amended complaint is devoid of a single factual allegation.

Although the undersigned is cognizant of the challenges faced by pro se litigants, and that the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each

3

claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, for the reasons stated above, plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

### III. Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend the amended complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and plaintiff's repeated inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the October 2, 2017 findings and recommendations (ECF No. 9) are vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 6, 2017 application to proceed in forma pauperis (ECF No. 2) be denied;

////

////

////

   2. Plaintiff's October 3, 2017 amended complaint (ECF No. 11) be dismissed without leave to amend; and

   3. This action be dismissed.

  These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\sharp0255.dwolta.f&rs